

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **CHOICE PHILLIPS III,** | ) | **Case Nos  1:08-CV-545** |
| | ) | **1:07CR219** |
| | ) | |
| **Petitioner,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

I

On August 21, 2007, the Court sentenced Phillips to a sentence of 37 months custody

of the Attorney General, following his guilty plea to being a felon in possession of a firearm.

The sentence was at the low end of the advisory Guideline range for Offense level 15, Criminal

History Category V (37-46 months).  Phillips did not appeal his conviction or sentence.

On March 4, 2008, Phillips filed a pro se motion pursuant to 28 U.S.C. Section 2255,

seeking a reduction of his sentence.  Phillips contends that after his convictions, the Sentencing

Guidelines were amended, and that under the current version, his sentences for driving under

suspension and other misdemeanors would not receive any Criminal History points, and that he

would therefore be in Criminal History Category III or IV.

II

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part *as follows:*

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file  an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Motion, the record in the underlying criminal case, and the case law and finds that it plainly appears that Phillips is not entitled to relief in the district court for the following reasons.

2

III

The Presentence Investigation Report detailed Phillips' prior criminal record. Included was one conviction for driving under a suspended/revoked license, for which Phillips received one point. Also included were three misdemeanor drug offenses, two of which counted for one point, and one of which counted for two points. Phillips had a total of 11 Criminal History points, which placed him in the middle of Category V.

Guidelines Section 4A1.2(c) was amended effective November 1, 2007. The amendment did not apply to Phillips' misdemeanor drug convictions; those would be scored today exactly as they were scored when Phillips was sentenced August 21, 2007. Under the amended section, Phillips' conviction for driving under a suspended/revoked license would not receive any Criminal History points were Phillips to be sentenced today. This amendment, however, was not made retroactive by the U.S. Sentencing Commission; accordingly, the Court does not have discretion, pursuant to 18 U.S.C. Section 3582(c)(2), to consider reducing Phillips' sentence.

Even were this amendment made retroactive by the Sentencing Commission, the effect would be to give Phillips 10 Criminal History points, instead of 11. Phillips would still be in Criminal History Category V (37-46 months), and the Court sentenced Phillips to the low end of the advisory range.

**IV.**

The Court's prompt review of the § 2255 Motion, the record in the underlying criminal case and the law plainly dictate that Phillips is entitled to no relief in the district court.

3

Accordingly, Petitioner Choice Phillips III's Motion under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED**

and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

_____

**Dan Aaron Polster**
**United States District Judge**

4